Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave,
7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOHN EMANUELE,                                    Case No.: 17-cv-4740

                          Plaintiff,              **ECF CASE**

            v.                                    **COMPLAINT AND JURY DEMAND**
                                                  **FOR DAMAGES FOR COPYRIGHT**
HARVEST BIBLE CHURCH,                             **INFRINGEMENT**

                          Defendant.
-------------------------------------------------------------x

    Plaintiff JOHN EMANUELE, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant HARVEST BIBLE CHURCH ("HBC") for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges below, upon personal knowledge as to himself, and upon information and belief as to other matters so indicated.

### JURISDICTION AND VENUE

    1.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

    2.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      HBC is led by the "Harvest Bible Fellowship" which controls numerous "Harvest Bible Churches" including three in New York State, and one in this Judicial District.

4.      This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction.

5.      Further, HBC published at least one infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade.

6.      Upon information and belief, HBC solicits money through its YouTube page, which can also be used and viewed within this Judicial District in the ordinary course of trade.

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

7.      Defendant HBC synchronized, reproduced, and distributed an advertisement (the "Subject Advertisement") through websites like YouTube.  This is a tort (copyright infringement) committed without the state.

8.      Defendant regularly solicits business in this Judicial District through the Harvest Bible Fellowship.

9.      The copyright owner resides in Queens, NY, and the injury was felt in that Judicial District.

**Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

10.     YouTube placed plaintiff's name on each of the Subject Advertisement, and HBC expected or should have reasonably expected its acts to have consequences in New York State.

11.     Defendant was expressly told there was no license by correspondence dated August 2, 2017 and emailed to Pastor Long on that same day.  Defendant ignored the notice and

continued to synchronize and distribute plaintiff's Copyrighted Composition without a license. Clearly, defendant knew its acts would have consequences in this Judicial District.

12.     Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## PARTIES

13.     Plaintiff JOHN EMANUELE is an individual residing in Flushing, New York.

14.     Upon information and belief, defendant HARVEST BIBLE CHURCH is an unincorporated church with its principal place of business located at 1245 E Hammond Rd, Traverse City, MI 49686.

## COPYRIGHTED WORKS

15.     Plaintiff is the sole beneficial owner of an original musical work titled *Amorphis*, which is identified in Copyright Registration No. SR 677-965 attached as **Exhibit A** (the "Copyrighted Composition").

16.     HBC produced a promotional advertisement titled "God at Work - Steven and Darci Southwell", which synchronized plaintiff's Copyrighted Composition without a synchronization, sound recording, or publishing license. HBC then caused the work to be transmitted to the public for performance on its YouTube page at https://www.youtube.com/watch?v=dWG1zS0pXIo, where any visitor to the website could view the promotional advertisement without restriction.

17.     On or about July 15, 2017, EMANUELE discovered the HBC infringement.

18.     On August 2, 2017, counsel for EMANUELE sent a cease and desist to HBC by email.

19.     Defendant HBC admitted there was no license, but refused to remove the Subject Advertisement.

20. Instead, HBC made the Subject Advertisement "private" where it can still be viewed by HBC staff and anyone with permission.

21. This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

22. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

23. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

24. Defendant without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video embodying plaintiff's Copyrighted Composition.

25. Defendant admitted to copying, synchronizing, and distributing the Copyrighted Composition without a license.

26. Defendant admitted that despite its full knowledge of its licensing duties, it did not take the Subject Advertisement down.

27. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2.      compensatory damages in an amount to be ascertained at trial;

3.      statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.      reasonable attorneys' fees and costs (17 U.S.C. § 505);

5.      pre- and post-judgment interest to the extent allowable;

6.      such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 12, 2017                    **GARBARINI FITZGERALD P.C.**
New York, New York

By: _Richard M. Garbarini_____

Richard M. Garbarini (RG 5496)

5